**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L. HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-22649** |
| | ) | |
| **ALETA BARIE,** | ) | |
| **Clerk of Court,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's "Motion for Leave to Make Deposit In Court Pursuant to 28 U.S.C. § 2041." (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

**1.    Southern District of Indiana:**

In 1999, Plaintiff was convicted in the United States District Court for the Southern District of Indiana of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. United States v. Harris, Case No. 98-cr-0121 (S.D. Ind. Nov. 1, 1999). By Judgment Order entered on November 1, 1999, the District Court sentenced Plaintiff to serve a 300-month term of incarceration to be followed by a five-year term of supervised release. Id., Document No. 53. Plaintiff did not file a Notice of Appeal.

On June 27, 2005, Plaintiff filed in the Southern District of Indiana a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. Harris v. United States, 1:05-cv-0963 (S.D. Ind. Sep. 6, 2005), Document No. 1. On July 5, 2005, the United States filed its Motion to

Dismiss. Id., Document No. 5. On August 5, 2005, Plaintiff filed his Response in Opposition. Id., Document No. 7. By Order entered on September 6, 2005, the District Court denied Petitioner's Section 2255 Motion "because it was not timely filed and because of the waiver in his plea agreement." Id., Document No. 8.

On September 30, 2008, Plaintiff filed in the Southern District of Indiana a "Motion to Discharge, Satisfy and Release Judgment Lien" and "Tender of Payment to Discharge the Judgment Lien." Harris v. United States, 1:08-cv-01315 (S.D. Ind. Oct. 17, 2008), Document Nos. 1 and 2. In his Motion, Plaintiff argued that his criminal conviction was a debt, and the debt had been satisfied. Id. Plaintiff cited provisions of the Uniform Commercial Code and language from Rule 60(b) of the Federal Rules of Civil Procedure. Id. On October 15, 2008, Plaintiff filed a "Notice of Accepted Offer." Id., Document No. 6. By Order entered on October 17, 2008, the District Court construed Petitioner's "Motion to Discharge, Satisfy and Release Judgment Lien" as a Section 2255 Motion and dismissed it as successive. Id., Document No. 12. Plaintiff filed a Notice of Appeal on October 28, 2008. Id., Document No. 21. The Seventh Circuit dismissed Petitioner's appeal pursuant to Rule 42(b) on December 30, 2008. Id., Document No. 46.

Beginning in 2011, Plaintiff filed numerous documents in Criminal Action No. 98-cr-0121 wherein he challenged his arrest and conviction, sought to deposit a promissory note in satisfaction of his debt, and requested his release from federal custody. The District Court denied such motions. Plaintiff filed Notices of Appeal concerning some of the Motions. On March 18, 2013, the Seventh Circuit entered an Order dismissing Petitioner's appeals wherein he challenged the validity of his conviction. United States v. Harris, Case No. 98-cr-0121, Document No. 143. The Seventh Circuit noted that by Order of February 22, 2013, it warned Plaintiff that "additional frivolous appeals (or

requests for permission to initiate more collateral attacks) may subject him to sanctions." <u>Id.</u> The Seventh Circuit noted that Plaintiff ignored the Court's warning and filed Appeal No. 13-1395, which demonstrated that Plaintiff plans to continue his campaign of frivolous motions and appeals. <u>Id.</u> Therefore, the Seventh Circuit imposed a filing restriction and imposed a $500 sanction upon Petitioner. <u>United States v. Harris</u>, Nos. 12-3744, 13-1312, and 13-1395 (7th Cir. March 18, 2013).

**2.     District of Colorado:**

In 2008, Plaintiff filed in the United States District Court for the District of Colorado an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. <u>Harris v. Wilner</u>, 2008 WL 1765649 (D.Colo. April 16, 2008), <u>aff'd</u>, 294 Fed.Appx. 384 (10th Cir. 2008). The District Court determined that Plaintiff appeared "to claim that he is not challenging his conviction or sentence but is seeking to 'satisfy, release, or discharge the judgment pursuant to Rule 60(b)(5.)." <u>Id.</u> The District Court determined that Rule 60(b) was not applicable to criminal proceedings and Plaintiff was essentially challenging the validity of his conviction. <u>Id.</u> The District Court denied Petitioner's Section 2241 Petition finding that Plaintiff had an adequate and effective remedy in a Section 2255 Motion in the United States District Court for the Southern District of Indiana. <u>Id.</u>

In 2010, Plaintiff filed a second Section 2241 Petition in the District of Colorado. <u>Harris v. Wands</u>, 2010 WL 5339604 (D.Colo. Dec. 10, 2010). In his Petition, Plaintiff argued that "once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States." <u>Id.</u> Plaintiff claimed that as a result of indorsement and payment, the warden no longer had a right to retain him. <u>Id.</u> The District Court dismissed Petitioner's Petition finding that Petitioner's "attempt to effect his release through the operation of civil commercial statutes is legally frivolous." <u>Id.</u>

In 2011, Plaintiff appealed to the Tenth Circuit Court of Appeals the District of Colorado's decision dismissing Plaintiff's Complaint as frivolous and imposing filing restrictions. Harris v. Kammerzell, 440 Fed.Appx. 627 (10th Cir. 2011). The Tenth Circuit noted that Plaintiff again "appears to be challenging his drug conviction and sentence based upon principles of contract and/or civil commercial law." Id. The Tenth Circuit affirmed the District of Colorado's decision to dismiss Petitioner's Complaint and impose filing restrictions. Id.

3.      **Court of Federal Claims:**

In 2009, Plaintiff filed an action in the Court of Federal Claims seeking to "enforce a contract he alleged existed between himself and the Government pursuant to which he offered to pay $8,000,000 to the Government and in return the Government would release him from incarceration." Harris v. United States, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009). Plaintiff argued that by making an offer to the Government to pay $8,000,000, he created a judicial lien that entitled him to immediate release. Id. The Court found that Petitioner's "criminal conviction is not governed in any way by the Uniform Commercial Code and the various documents he submits do not constitute contracts with the United States Government within the meaning of this Court's statutory grant of jurisdiction." Id. The Court, therefore, determined that it lacked jurisdiction to consider Petitioner's claims and dismissed his Complaint. Id.

4.      **Western District of Missouri:**

In 2010, Plaintiff filed in the United States District Court for the Western District of Missouri an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Anderson, 2010 WL 4531408 (W.D.Mo. Oct. 14, 2010). In his Petition, Plaintiff argued that he was involuntarily placed in lock-up and under investigation after he failed a "Private Administrative Remedy Demand." Id. Plaintiff further complained that prison officials confiscated all of his legal property.

4

Id. The Court determined that in Petitioner's "Private Administrative Remedy Demand," Plaintiff "claimed that under the UCC, his body is a good that can be used to satisfy the debt created by the Judgment and Commitment Order in his underlying criminal case." Id. Plaintiff contended that the Warden was authorized to accept his offer to pay the debt and his failure to do so would result in default. Id. Plaintiff further stated that "he reserved the right to incorporate his 'Offer of Performance' in any financial commercial, legal or criminal proceeding, initiate a counterclaim against the Warden, or file a 'claim against bond' against the Warden." Id. Respondent submitted evidence that "[i]n some cases, inmates have improperly used [commercial law theories based on the UCC] to file false liens against Bureau of Prisons staff, Judges, United States Attorneys, and other federal employees." Id. Respondent noted that the investigation revealed that Plaintiff was possibly taking steps to file a false lien against the Warden. Id. Therefore, prison officials confiscated some of Petitioner's property, including manuals and forms relating to filing liens." Id. The Court dismissed Petitioner's Section 2241 Petition finding that Plaintiff failed to exhaust his administrative remedies and finding there was no indication that Plaintiff was denied access to the courts or suffered any injury by the confiscation of some of his property. Id.

**5.      Eastern and Central Districts of California:**

In 2011, Plaintiff filed in the United States District Court for the Eastern District of California a Petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201, and 3569. Harris v. O'Keefe, 2011 WL 4542650 (E.D. Cal. Sept. 27, 2011). Specifically, Plaintiff requested that the "Court (1) deposit a promissory note for $8,000,000.00, (2) order the U.S. Marshal to discharge a $4,000,000.00 criminal fine, and (3) order the U.S. Marshal to return [Petitioner] to his domicile of choice." Id. The District Court dismissed Petitioner's Petition finding that Plaintiff was not

imprisoned for a civil debt, Plaintiff is serving a criminal sentence for his conviction, and payment of Petitioner's debt does not discharge his sentence. Id.

In 2012, Plaintiff filed a Section 2241 Petition in the Eastern District of California. Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Specifically, Plaintiff sought "a stay of execution of what he characterizes as a judgment lien and more broadly a stay of execution of his sentence as well as a suspension of his sentence." Id. Plaintiff argued that he had "the right to satisfy his obligation with personal property other than money." First, the District Court concluded that to the extent Plaintiff was challenging the legality of his sentence, his claims must be dismissed for lack of jurisdiction. Second, the District Court determined that Plaintiff failed to show "a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to pay an alleged $4,000,000 fine imposed in connection with his sentence." Id. Third, the District Court found that Petitioner's equal protection claim should be dismissed because he "failed to state specific facts that point to a real possibility of constitutional error and entitlement to habeas relief." Id. Finally, the District Court determined that Petitioner's claim that his inability to satisfy the judgment violated his rights under Article I, § 10 was without merit. Id.

In 2012, Plaintiff filed his second Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 2553635 (E.D. Cal. June 29, 2012). Specifically, Plaintiff argued that "as part of his criminal sentence, a fine of $4,000.000.00 was imposed to be treated as a tax lien." Id. Plaintiff claimed that "a unit team member failed to confirm a receipt for the payment of the lien so that it may be discharged." Id. Plaintiff requested a stay of execution of a judgment lien and suspension of his sentence. Id. The District Court noted that Plaintiff asserted the same claim in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court

6

dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Plaintiff filed in the Eastern District of California a civil rights action pursuant to Bivens. Harris v. Rodriguez, 2012 WL 5424947 (E.D. Cal. Nov. 6, 2012). In his Complaint, Plaintiff argued that an unlawful fine of four million dollars was imposed as a result of his criminal conviction in the Southern District of Indiana. Id. The District Court noted that Plaintiff "has a long history of making his frivolous claims about his four million dollar ($4,000,000) lien, as reviewed by the Tenth Circuit." Id.  Based upon Petitioner's allegations and filing history, the District Court dismissed Plaintiff's Complaint as frivolous. Id.

 In 2012, Plaintiff filed his third Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 4747149 (E.D. Cal. June 29, 2012), aff'd, 557 Fed.Appx. 686 (9th Cir. 2014). In his Petition, Plaintiff requested that the Court discharge his criminal conviction and sentence on the "grounds that the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Plaintiff claims he has satisfied on June 11, 2012, with the delivery of unspecified 'security directly to the United States . . . as payment.'" Id. The District Court noted that Petitioner's challenge to his sentence based upon a purported satisfaction of a lien has already been addressed and rejected on the merit in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Plaintiff filed in the Eastern District of California a Petition for Writ of Mandamus pursuant to 28 U.S.C § 1361. Harris v. Unknown, 2012 WL 5877562 (E.D. Cal. Nov. 20, 2012). In his Petition for Writ of Mandamus, Plaintiff again argued that "the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Plaintiff claimed he satisfied on July 11, 2012, with the delivery of an unspecified "security directly to the United States . . . as payment."

Id. The District Court construed Petitioner's Petition for Writ of Mandamus as a Section 2241 Petition and dismissed it as successive. Id.

In 2013, Plaintiff filed a Section 2241 Petition in the Central District of California. Harris v. McGrew, 2013 WL 2480624 (C.D. Cal. June 10, 2013). In his Petition, Plaintiff argued that the sentencing court lacked jurisdiction over him. Id. The District Court determined that Plaintiff failed to show that Section 2255 was inadequate or ineffective as a means to provide him relief. Id. The District Court, therefore, dismissed Petitioner's Section 2241 Petition. Id.

In 2013, Plaintiff filed his fourth Section 2241 Petition in the Eastern District of California. Harris v. Babcock, 2013 WL 3013477 (E.D. Cal. June 14, 2013). In his Petition, Plaintiff argued that "his judgment of conviction is invalid and should be set aside because the indictment charging him did not contain sufficient allegations of 'the exact geographical location where the criminal activity . . . took place' and therefore was insufficient to properly invoke the court's jurisdiction." Id. The District Court noted that "a review of petitioner's underlying criminal case shows that the challenge he seeks to present to this court has already been litigated and addressed by both the Southern District of Indiana and the Seventh Circuit." Id. The District Court determined that Plaintiff could not collaterally attack his federal conviction by way of a Section 2241 Petition and dismissed his Petition. Id.

**6.      Southern District of West Virginia:**

On May 17, 2013, Plaintiff filed a Section 2241 Petition in the Southern District of West Virginia. (Civil Action No. 1:13-cv-11595.) In his Petition, Plaintiff argued that his incarceration was illegal because the sentencing court lacked jurisdiction over the parcels of property at which the alleged criminal activity occurred. (Id., Document No. 1.) By Proposed Findings and

Recommendation entered on October 29, 2013, United States Magistrate Judge Cheryl A. Eifert recommended the Petitioner's Petition be dismissed because he was challenging the validity of his conviction and sentence and failed to state any basis to find that a Section 2255 Motion was inadequate or ineffective. (Id., Document No. 14.) Plaintiff filed Objections. (Id., Document No. 15.) By Memorandum Opinion and Order filed on November 13, 2013, United States District Judge David A. Faber adopted Judge Eifert's recommendation and dismissed Petitioner's Petition. (Document Nos. 16 and 17.) Plaintiff filed a Notice of Appeal on November 21, 2013. (Id., Document No. 18.) On April 1, 2014, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. (Id., Document Nos. 22 and 23.)

On January 7, 2014, Plaintiff filed his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated."[1] (Civil Action No. 1:14-00584, Document No. 1.) Plaintiff alleged that he received a $4,000,000 fine or "attachment" as a result of his criminal conviction in the Southern District of Indiana. (Id.) Petitioner, therefore, argued that the criminal conviction constituted a debt. (Id.) Plaintiff claimed that his debt had been satisfied by a Promissory Note or "Bankable Paper" submitted to Mr. Holder. (Id.) Thus, Plaintiff argued that he was entitled to release from federal custody because the debt had been satisfied. (Id.) On April 30, 2014, Plaintiff filed a "Motion for Perpetual and Mandatory Injunction." (Id., Document No. 4.) On July 8, 2014, Plaintiff filed his Petition for Leave to Amend and his Amended Petition. (Id., Document Nos. 4 and 5.) On July 22, 2014, Plaintiff filed a Motion for Judgment on the Pleadings. (Id., Document No. 7.) By Proposed

---

[1] Plaintiff's "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated" as filed in Civil Action No. 1:14-00584 appears to be nearly identical to his Complaint filed in the instant case.

Findings and Recommendation filed on August 21, 2014, the undersigned recommended that Plaintiff's Petitions for Writ of Mandamus, "Motion for Perpetual and Mandatory Injunction," and "Motion for Judgment on the Pleadings" be denied. (Id., Document No. 9.)

On January 23, 2014, Plaintiff filed a Complaint against Eric Holder in the Circuit Court of McDowell County. (Civil Action No. 1:14-11734, Document No. 1, pp. 5 - 33.) In his Complaint, Plaintiff challenges his incarceration based upon his conviction in the Southern District of Indiana.[2] (Id.) Specifically, Plaintiff states that a $4,000,000 fine was imposed and he has delivered to the United States a "Private Administrative Remedy" satisfying the debt. (Id.) Plaintiff, therefore, contends that he is entitle to release from custody because he has satisfied his debt. (Id.) On March 6, 2014, Mr. Holder filed his Notice of Removal with this Court. (Id., Document No. 1.) On March 11, 2014, Mr. Holder filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Id., Document Nos. 3 and 4.) By Proposed Findings and Recommendation entered this day, the undersigned has recommended that Plaintiff's above action be dismissed.

### A.    *Instant Action:*

On September 6, 2013, Plaintiff filed a "Motion for Leave to Make Deposit In Court Pursuant to 28 U.S.C. § 2041." (Civil Action No. 1:13-22649, Document No. 1.) In his Motion, Plaintiff requests "leave to deposit the sum of $2,622.00 with the Court, which is double the aggregate amount claimed and owed, and that, following the deposit, Plaintiff be discharged from liability." (Id., p. 1.) Plaintiff explains that "this action involves an obligation imposed by

---

[2]  Plaintiff's Complaint filed in State court appears to be nearly identical to his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated" as filed in Civil Action No. 1:14-00584.

Commitment of Judgment via criminal fine" and he "has admitted the validity of the obligation and that the sum of $1,311.00 is due and owing to the United States District Court." (Id.) Plaintiff states that Clerk of the Court "does not have the right to willfully refuse tender of payment." (Id., p. 2.) Plaintiff asserts that an obligation is extinguished by an Offer of Performance. (Id.) Therefore, Plaintiff states that he is attaching a "negotiable instrument, i.e., tender of payment" and he should be "released from liability on this agreed sum." (Id.) As Exhibits, Plaintiff attaches a copy of his "Offer of Performance," "Tender of Payment," "Inmate Financial Plan," and "Actual and Constructive Notice." (Id., pp. 4 - 12 and Document No. 2.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reingold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Plaintiff claims that Defendant is improperly refusing to accept his Promissory Note for $2,622.00 as payment for his criminal fine imposed in the Southern District of Indiana. Plaintiff

further contends that he is entitled to release from custody because he has satisfied his criminal debt. As stated in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012), there is no legal authority "that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by the prisoner's service of the sentence, a promissory note, or unspecified personal property." Harris v. Rios, 2012 WL 913757, * 4 (E.D. Cal. March 16, 2012). Citing 28 U.S.C. § 2041, Plaintiff argues that Defendant must accept his Promissory Note as payment for his criminal fine. Title 28 U.S.C. § 2041, however, provides that "[a]ll moneys paid into a court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." The undersigned notes that Plaintiff's reliance upon Section 2041 is misplaced because Plaintiff has not submitted money as payment for his criminal fine. The undersigned further finds that Plaintiff has no constitutional right to submit a promissory note as payment for his criminal fine or to release from custody based upon payment of his criminal fine. Plaintiff's above Motion must therefore be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 26, 2014.

R. Clarke VanDervort
United States Magistrate Judge