```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CHRISTOPHER L. HARRIS,

    Plaintiff,

v.                                Civil Action No: 1:13-22649

ALETA BARIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's "Motion for Leave to Make Deposit in Court Pursuant to 28 U.S.C. Section 2041 with Offer of Performance, Tender of Payment, and Inmate Financial Plan." (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 26, 2014. (Doc. No. 4).

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. On September 4, 2014, plaintiff timely filed objections to the PF&R. (Doc. No. 7). For the reasons that follow, the court OVERRULES plaintiff's objections to the PF&R, adopts the factual and legal analysis in the PF&R, and DISMISSES plaintiff's motion.

1

## I. Background

In 1999, plaintiff was convicted in the Southern District of Indiana for violations of 21 U.S.C. §§ 841 and 846 and plaintiff is currently serving a sentence of 300 months imprisonment. (Doc No. 4 at 1). Plaintiff is a notoriously prolific filer, and, rather than documenting his lengthy litigation history, the court relies upon Magistrate Judge VanDervort's thorough account in the PF&R. In the instant motion, plaintiff suggests that he can remit a promissory note to the court in the amount of $2,622.00 in satisfaction of his criminal fine of $4,000,000.00. In the PF&R, the magistrate judge found no support for this argument and recommended that the court dismiss plaintiff's motion.

## II. Plaintiff's Objections to the PF&R

Plaintiff purports to object to the analysis of the PF&R, (Doc. No. 7 at 1), but merely resubmits his initial arguments in favor of his motion, rather than addressing the magistrate judge's reasoning or conclusions. These objections "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because they are "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such objections. Id.

2

However, after review of the PF&R, the record, and plaintiff's objections, the court determines that plaintiff's arguments lack merit and are patently frivolous.  Initially, plaintiff asserts that his case is one of admiralty or maritime jurisdiction, contradicting the statement of jurisdiction from his initial motion.  (Doc. No. 7 at 1; Doc. No. 1 at 1).  Plaintiff's case is not a case of admiralty or maritime jurisdiction; as stated above, plaintiff was convicted in 1999 for a violation of criminal law and the instant motion falls under civil law.

Plaintiff's objections continue the arguments he made in his motion, but to no avail.  Plaintiff cites Title 28, section 2717 of the United States Code in support of his argument that prisoners may satisfy "a warrant of attachment or writ of execution for a fine" through a prisoner's fulfillment of his sentence or a promissory note.  (Doc. No. 7 at 1).  However, this statute offers no support for plaintiff's arguments, as it concerns discharge of attachments in postal suits.

While plaintiff argues that the Uniform Commercial Code applies to repayment of his criminal fine, this claim is clearly meritless.  Plaintiff pled guilty and was convicted of violations of criminal law.  Neither these violations nor the associated fine have anything to do with commercial law.  The court notes that plaintiff has tried this argument before, a

3

number of times, and has never been successful. See Harris v. United States, No. 09-154C, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009); Harris v. Anderson, Civil Action No. 10-3227-CV-S-RED-H, 2010 WL 4531408 (W.D. Mo. Oct. 14, 2010); Harris v. Wands, Civil Action No. 10-cv-02735-BNB, 2010 WL 5339604 (D. Colo. Dec. 10, 2010); Harris v. Holder, Civil Action No. 1:14-0584, 2014 WL 4388263 (S.D.W. Va. Sept. 3, 2014).

Finally, plaintiff argues that his $4,000,000.00 fine is excessive and, therefore, unconstitutional under the Eighth Amendment.  The court notes that plaintiff did not include this contention in his motion, and, therefore, this court is under no obligation to address it.  However, for the sake of completeness, the court examined this argument, as well, and finds that it also lacks merit.  At the time of his conviction, the criminal statutes that plaintiff violated contemplated a fine of this magnitude, and other courts have upheld the constitutionality of the same fine.  See 21 U.S.C.A. § 841 (1999); United States v. Hernandez, 863 F. Supp. 691, 695 (N.D. Ill. 1994).  Consequently, none of plaintiff's arguments enjoy any legal support and must be overruled.

### III. Conclusion

Accordingly, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's PF&R.  The court adopts the factual and legal analysis contained within the PF&R; DENIES

4

plaintiff's motion (Doc. No. 1) and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se.

IT IS SO ORDERED on this 15th day of September, 2014.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge